Counsel for plaintiff will submit an order in conformity with the rulings contained in this opinion.

614 A.2d 188

IN THE MATTER OF THE COMMITMENT AND RESPONSIBILITY FOR THE CARE AND MAINTENANCE OF LAVANCE TAYLOR, A PATIENT AT GREYSTONE PARK PSYCHIATRIC HOSPITAL.

Superior Court of New Jersey
Law Division Passaic County

Decided July 29, 1992.

*Frank Catania,* Passaic County Adjuster, attorney for petitioner.

*Kathleen M. Grant,* Assistant County Counsel, argued the cause for respondent, County of Hudson, *(Francis De Leonardis,* County Counsel, Hudson County).

*John K. Worthington,* Deputy Attorney General, argued the cause for respondent, State of New Jersey, *(Robert Del Tufo,* Attorney General, attorney).

DONATO, J.S.C.

■ This case involves a dispute over the legal settlement of Lavance Taylor, hereinafter Taylor, who was committed on February 27, 1992 to Greystone Park Psychiatric Hospital. Taylor resided in Hudson County continuously for nine years until February 17, 1992. That day, he moved to Passaic County and lived there for ten days prior to his commitment on February 27, 1992.

Passaic County asserts by its petition that settlement lies with Hudson County and that Taylor never abandoned that settlement as required by *N.J.S.A.* 30:4–50 nor acquired a new

one when he moved to Passaic County, ten days prior to his commitment to Greystone. The State joins in that argument.

Hudson County claims that *N.J.S.A.* 30:4–49 mandates that settlement is with the State because Taylor did not reside in either Hudson or Passaic County for the "five years immediately preceding" the day of his commitment. Taylor had left Hudson County and only resided in Passaic County ten days.

Hudson County's interpretation ignores the statutory context and the legislative intent of the settlement statute. Viewed in proper context, Taylor's legal settlement is with Hudson County. A judgment to that effect based on Passaic County's petition shall be entered.

*N.J.S.A.* 30:4–49 states that a person's county of legal settlement is the county where the person was in "continuous residence . . . for a period of not less than five years immediately preceding the date of application for commitment." When construing a statute, a court's duty is to determine the probable intent of the Legislature. *AMN Inc. of New Jersey v. South Brunswick Tp. Rent Leveling Board.*, 93 *N.J.* 518, 461 *A.*2d 1138 (1983). Legislative intent can be ascertained from the nature of the subject matter and the contextual setting. *State v. Wright*, 107 *N.J.* 488, 502, 527 *A.*2d 379 (1987). Here, it is clear from an examination of the scheme of the act of which *N.J.S.A.* 30:4–49 is a part that the Legislature intended that once a person has established a county of settlement, he does not lose that settlement until he acquires a new one. Since he lived in Hudson County for at least nine consecutive years, Taylor had established legal settlement in Hudson County and did not acquire a new settlement—either State or County— simply by moving to Passaic County ten days before his commitment. In these circumstances, Taylor's legal settlement is properly with Hudson County.

Hudson County interprets *N.J.S.A.* 30:4–49 to mean that a person's legal settlement is with the State unless he or she has

resided continuously for at least five years in the same county where he or she was living on the date of commitment.

This interpretation is inconsistent with the evident legislative intent.

Once a person resides in a county for five consecutive years without interruption, or obtains legal settlement in a county in one of the other specified manners, (for example, a married woman acquires her husband's settlement and a minor acquires the settlement of his parent. *See N.J.S.A.* 30:4–49.1 & 30:4–49.2), that county becomes a person's county of legal settlement until such time as legal settlement is acquired in another county. *N.J.S.A.* 30:4–50. State settlement is only appropriate for new arrivals to New Jersey and transients who, despite living in New Jersey for years, have never lived in one place long enough to have established county settlement. *See N.J.S.A.* 30:4–51. A person does not lose county settlement until he leaves the State or acquires a new county settlement. *See N.J.S.A.* 30:4–49.6 & 30:4–50.

The statutory context unquestionably demonstrates that the Legislature intended *N.J.S.A.* 30:4–49 to be read consistent with the State's position. If a person lives in a county for five consecutive years, he acquires a settlement in that county which cannot be lost until a new settlement is acquired. Hudson County's view of the statute would result in at least two incompatible standards of determining a person's legal settlement—the County for five years *N.J.S.A.* 30:4–49 or the State for one year *N.J.S.A.* 30:4–51. Obviously, the Legislature could not have intended such a result.

Therefore, the court grants Passaic County's petition and holds that Lavance Taylor's legal settlement is with Hudson County.

Judgment shall be submitted accordingly.